IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                    PLAINTIFF

v.                              Civil No. 4:17-cv-04073

SHERIFF BOBBY WALRAVEN,
Little River County, Arkansas; ZANE
BUTLER, Task Force Agent; and
TIMOTHY GARNER, Little River
Sheriff's Office                                                   DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss (ECF No. 46) based on Plaintiff Jermain D. Lewis'

failure to obey an order of the Court.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on August 31, 2017. (ECF No. 1). On

October 29, 2018, Defendant Zane Butler filed a Motion to Dismiss based on Plaintiff's failure to

comply with the Court's order to provide responses to Defendant Butler's written discovery. (ECF

No. 46). That same day, the Court entered an order directing Plaintiff to file a response to

Defendant Butler's Motion to Dismiss on or before November 5, 2018. (ECF No. 48). Plaintiff

was advised in this order that failure to respond by the Court's imposed deadline would subject

this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). To date, neither the

order compelling Plaintiff to respond to discovery requests (ECF No. 41) nor the order directing

him to respond to Defendant Butler's Motion to Dismiss have been returned to the Court as

undeliverable and Plaintiff has not responded to either order.

Plaintiff has also failed to obey two other court orders. On October 15, 2018, Defendants

Sheriff Bobby Walraven and Timothy Garner filed a Motion for Summary Judgment. (ECF No.

42). That same day, the Court entered an order directing Plaintiff to file a response to Defendants Walraven and Garners' motion on or before November 5, 2018. (ECF No. 45). Plaintiff was advised that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). To date, the order has not been returned to the Court as undeliverable and Plaintiff has not responded to the Motion for Summary Judgment. Likewise, On November 6, 2018, Defendants Walraven and Garner filed a Motion to Deem Facts Admitted based on Plaintiff's failure to respond to their Motion for Summary Judgment. (ECF No. 49). The Court once again entered an order directing Plaintiff to respond. This order has not been returned to the Court as undeliverable and Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b),

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey four orders of this Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Defendant Butler's Motion to Dismiss (ECF No. 46) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with numerous court orders.

**IT IS SO ORDERED,** this 30th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge